UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD MASCARELLO,

             Plaintiff,

    v.

JAMES W. FOWLER CO.,

             Defendant.

CASE NO. C14-5916 BHS

ORDER DENYING PLAINTIFF'S
MOTION TO REMAND

      This matter comes before the Court on Plaintiff Richard Mascarello's ("Mascarello") motion to remand to Superior Court (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

      On October 15, 2014, Mascarello filed a complaint against Defendant James W. Fowler Co. ("JWFCO") in the Pierce County Superior Court for the State of Washington. Dkt. 1, ¶ 1.

      On November 17, 2014, JWFCO removed the matter to this Court.  Dkt. 1.

1    On November 25, 2014, Mascarello filed a motion to remand.  Dkt. 6.  On January

2 5, 2015, JWFCO responded.  Dkt. 12.  Mascarello has not filed a reply.

3 **II. FACTUAL BACKGROUND**

4    The only fact in dispute is JFWCO's citizenship for the purpose of establishing

5 diversity jurisdiction.  Mascarello was employed by JWFCO to manage a construction

6 project within the city of Seattle.  Mascarello is a Washington State resident with breach

7 of contract and employment discrimination claims against JWFCO.  JWFCO is

8 incorporated in the state of Oregon and declares that Dallas, Oregon is its principal place

9 of business.  Dkt. 13, ¶ 3.  Mascarello claims that he was terminated from employment

10 under unlawful discriminatory circumstances.  Mascarello seeks relief in the form of

11 damages for lost salary and bonuses allegedly earned under the parties' original

12 Employment Offer, which the parties do not dispute exceeds the jurisdictional minimum.

13 Dkt. 1, ¶ 3.  Dkt. 1, Exh. 2, ¶ 2.2.

14 **III. DISCUSSION**

15    A defendant carries the burden of proof in establishing that removal is proper.

16 *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  Any doubt about the right of

17 removal requires resolution in favor of remand.  *Id.*

18    Here, Mascarello contests federal court jurisdiction on the grounds that the parties

19 lack diversity of citizenship.  In the Ninth Circuit, "a corporation is deemed to be a

20 citizen of 'any State by which it has been incorporated and the State where it has its

21 principal place of business.'"  *United Computer Sys., Inc. v. AT & T Corp.,* 298 F.3d 756,

22 763 (9th Cir. 2002).  Additionally,

1
2
3
4
5

> The term "principal place of business" in the federal diversity jurisdiction statute refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, in other words the corporation's "nerve center;" in practice it should normally be the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings, for example, attended by directors and officers who have traveled there for the occasion.

*Hertz Corp. v. Friend,* 559 U.S. 77, 78 (2010).

6
7

 Mascarello argues that because JWFCO has numerous ongoing and large-scale

8

business ventures in Washington, it should be considered an entity of this state.  JWFCO,

9

however, is incorporated in Oregon and maintains that state as its principal place of

10

business.  Dkt. 13, ¶ 4.  Mascarello has failed to submit evidence that JWFCO's corporate

11

offices are anywhere but in the state of Oregon.  Thus, Mascarello's assertion that

12

JWFCO should be considered a Washington State entity for the purposes of diversity

13

jurisdiction is incorrect.

### IV. ORDER

14

 Therefore, it is hereby **ORDERED** that Mascarello's motion to remand (Dkt. 6) is

15

**DENIED.**

16

 Dated this 15th day of January, 2015.

17
18
19

_____
BENJAMIN H. SETTLE
United States District Judge

20
21
22